UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DANIEL P. BARNARD, | ) | CASE NO. 3:12 CV 976 |
| Plaintiff, | ) ) | JUDGE DAVID A. KATZ |
| v. | ) ) ) | OPINION AND ORDER |
| UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF OHIO, et al., | ) ) ) | |
| Defendants. | ) | |

On April 23, 2012, plaintiff *pro se* Daniel P. Barnard filed this *in forma pauperis* action against the United States District Court, Northern District of Ohio, and Judge James G. Carr. The complaint, which seeks compensatory and punitive damages, states in its entirety as follows:

> In Spring 2011 James Carr handed down Decision/Findings on Case 3:11 CV 0985 that are fraudulent in every sense of the word and every way possible.
>
> - An intentional false representation
>
> - Using deceptive means of keeping a (layman) person from discovering and or enforcing legal rights
>
> - Ignoring facts/reports given to them by the FBI, CID, NCIS
>
> - Fraud/Lie prevented me from obtaining the benefit of a meritorious claim
>
> - Absence of an adequate remedy at law
>
> - Prior judgment which "in good conscience" should not be enforced
>
> - Lack of fault, negligence of Pro Se plaintiff.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be

granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

This action lacks an arguable basis in both law and fact. First, judicial officers who act in a judicial capacity are absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Notwithstanding plaintiff's assertions concerning the dismissal of his previous case, it is evident on the face of complaint in the instant case that Judge Carr was acting in a judicial capacity when he dismissed that case, even though plaintiff obviously disagrees with the decision. Further, there is no possible legal basis for a claim against the court itself under the complaint's allegations.

Accordingly, this case is dismissed. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ David A. Katz

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).